KEMPER
-vs-
HUGHES.

</div>

---

## Kemper *vs* Hughes.

### APPEAL FROM THE GARRARD CIRCUIT.

*Vendor and vendee.    Exchange of lands.    Election.*

JUDGE BRECK delivered the opinion of the Court.

HUGHES exhibited this bill in chancery, seeking a rescission of a purchase of land, which he had made from Kemper, upon the alledged ground of Kemper's inability to convey the title according to the contract, and of fraudulent representation by him in regard to his title at the time of the sale.

Kemper, in his answer, denies all the allegations of fraud, and they are wholly unsupported by testimony. He sets forth his title, relies upon its validity and resists a rescission of the contract between him and complainant.

The Court below set aside the contract and decreed the relief, and Kemper has appealed to this Court.

The land in controversy consisted of two tracts, one containing sixty nine and the other fifteen acres. To the

<div style="text-align:right">

CHANCERY.

*Case 66.*

*June 11.*
Case stated.

</div>

larger tract Kemper claimed to have derived title under a deed from Samuel Bixler and wife, to the latter of whom the land had been devised by her father. The validity of his title to this tract turns exclusively upon the conveyance from Bixler and wife, as it is very satisfactorily shown that their title or the title of Mrs. Bixler, was good and free from doubt. The deed purports to have been made in consideration of fourteen hundred and sixty dollars, but it appears from the answer of Kemper and the evidence in the cause, that the consideration was one hundred and three acres of land, which he caused to be conveyed to Mrs. Bixler, and $200 in money. It is insisted on the part of the appellee, that the transaction amounted to a mere exchange of lands with her, and as such was not binding upon her. But whether it should be so considered, and if so, whether the consequence would follow as contended, it will not be necessary here to decide, as we are of opinion her deed to Kemper is not legally authenticated so as to pass her title. Her acknowledgment was taken before two Justices of the Peace of the county of Garrard, where all the parties resided and where the land was situated.

That mode of authentication is authorized by our statutes regulating conveyances, by the act of 1785 and also by the act of 1796, but both the acts require the certificate of the acknowledgment, privy examination, &c. to be returned by the Justices *under their hands and seals.* Their certificate in this case is not in conformity with that requisition. No seals are attached to their signatures and on that account it is deemed fatally defective. The requisition in each act is imperative, and we are constrained to regard a compliance with it as essential to a valid authentication. We are aware of no authority which would authorize it to be dispensed with.

It follows, from this view of the case, that the appellant failed to show title, and consequently, that the Court below was right in decreeing a rescission of the contract between the parties.

But another view of the case is presented by the appellant, upon which he relies.

After setting forth in his answer the trade with Bixler and wife, or rather with Mrs. Bixler, he alledges that she and her husband had taken possession of the one hundred and three acres of land, which he had caused to be conveyed to her; that she afterwards died upon it, leaving a will, by which she devised it to her children. That her husband had subsequently died, and that a part of her children were still in possession claiming the land. He further alledges, and it very satisfactorily appears from the testimony, that the trade or exchange with Mrs. Bixler, was a very favorable one for her and her children. He makes his answer a cross bill against the devisees or heirs of Mrs. Bixler, and prays, if his title should be deemed defective, a confirmation of it, and for general relief. Mrs. Bixler it appears, left eleven children, two of whom answered as adults, and the residue as infants, by their guardian *ad litem.* The former admit that the trade between their mother and the complainant, Kemper, was an advantageous one for her and her children, and express a willingness for its confirmation, and offer to release all their interest and title to the land attempted to be conveyed by their mother to complainant. In the answer of the infants it is also stated that they admitted the trade was an advantageous one for their mother, and they suppose it would be to their interest that it should be confirmed. The Court below dismissed the cross bill absolutely, and we think erroneously. It is true, as the contract and deed between the complainant and Mrs. Bixler were void on her part, the Chancellor would have no power to confirm it on the part of her infant heirs. They could give no consent, certainly none which would be obligatory upon them. It would, in effect, be a new contract between the parties, which infants could not make, and which the Chancellor would have no authority to enforce. But as to the adults, we think the Chancellor might properly rule them to an election whether they would keep the tract conveyed to their mother or surrender it and take the other; and upon their failure to elect, decree a release of their title to the complainant. The absolute dismissal of the cross bill was, therefore, erroneous. As to the adults that answered, at the instance of

Husband and wife sold land which was the wife's by inheritance, and made a deed, which ineffectual to pass her title, the wife took possession, died in possession of the land received in exchange, and willed it to her children, on bill filed by the purchaser for a confirmation of title. Chancellor upon a willingness expressed by some of her heirs, who were adults, should hold up the case and put the others upon their election to confirm or avoid the contract when of full age.

the complainant; it would have been proper to have decreed that they convey and release all their title to the land embraced in their mother's deed to the complainant. The Court might also, at the complainant's instance, have retained the case with a view to rule the infant heirs, as they might become of age, to an election.

Regarding the transaction between Mrs. Bixler and the complainant, as the facts, we think, authorize it to be considered, as a mere exchange of lands, it would be most iniquitous for her heirs to hold both tracts. And the power of a Chancellor to interpose, should such an effort be made by them, can hardly be doubted; and hence in any view of the case, the cross bill should not have been dismissed absolutely.

The decree must be affirmed, except so far as it dismisses the cross bill, and to that extent it is reversed, and the cause remanded, that such relief may be decreed the complainant, should he desire it, as to the adult heirs, and the cause retained as to the infant heirs of Mrs. Bixler, as herein indicated, or otherwise dismissed without prejudice.

The appellee, Hughes, will be entitled to his costs, but upon the reversal as to the cross bill, the parties thereto will each pay their own costs.

*McKee and Letcher & Tilford* for appellant; *Bradley* for appellee.